## Leiper's Estate

Before Van Dusen, P. J., Stearne, Sinkler, Klein, and Ladner, JJ.

*Walter Stein* and *Benjamin Ludlow*, for exceptants.

*F. Gilman Spencer*, Deputy Attorney General, contra.

KLEIN, J., March 20, 1941.—The arguments advanced by learned counsel for exceptants are most ingenious but, as pointed out by the hearing judge, fallacious. It seems clear to us that the legislature intended that the value of the life estate should be determined, for the purpose of fixing the amount of tax due on the remainder interest, as of the date of the payment of the tax by the remaindermen. To hold otherwise would distort the obvious meaning of the statute.

The values of the life estate and remainder are variables, which change from day to day. In order to induce the remaindermen to pay the taxes due on the estate they inherit prior to the time they come into possession, the legislature has given them the right to pay the tax at any time during the continuance of the life estate. This enables them to take advantage of depreciations in market values and thus reduce their tax burden. It also inures to the benefit of the Commonwealth in that it receives the tax before payment is legally bound to be made.

This right to select the time of payment is the full extent of the benefits given the remaindermen under the statute. It does not give them the right, as claimed by exceptants, to value the remainder when prices are low and at the same time take credit for a valuation placed on the life estate when the market was high. Such a construction would enable the remaindermen in many cases

to escape liability for tax completely. This result was obviously not intended by the legislature.

The hearing judge has fully discussed the narrow question raised by the exceptions in his comprehensive opinion. We are in full accord with what he has said therein.

Accordingly, the exceptions are dismissed and the decree entered is affirmed.